IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANITA ARRINGTON-BEY | ) | CASE NO. 1:14-CV-02514 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE:  PATRICIA A. GAUGHAN |
| V. | ) | |
| | ) | MAGISTRATE JUDGE: WILLIAM BAUGHMAN |
| CITY OF BEDFORD HEIGHTS, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | **ANSWER OF DEFENDANT ARNOLD** |
| | ) | **FELTOON, M.D.** |
| | ) | |

Now comes Defendant Arnold Feltoon, M.D. and submits the following as their Answer to Plaintiff's Complaint.

## INTRODUCTION

1.      Defendant denies the allegations contained within paragraph 1 of Plaintiff's Complaint.

2.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and denies the same.

3.      Defendant denies the allegations contained within paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations contained within paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations contained within paragraph 5 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

6.    Defendant denies the allegations contained within paragraph 6 of Plaintiff's Complaint.

7.    Defendant denies the allegations contained within paragraph 7 of Plaintiff's Complaint.

**PARTIES**

8.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and denies the same.

9.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and denies the same.

10.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and denies the same.

11.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and denies the same.

12.    Defendant denies the allegations contained within paragraph 12 of Plaintiff's Complaint.

13.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and denies the same.

14.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and denies the same.

**FACTS**

15.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and denies the same.

16.    Defendant is without information or knowledge sufficient to form a belief

as to the truth of the allegations contained in paragraph 16 and denies the same.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and denies the same.

18.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and denies the same.

19.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and denies the same.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and denies the same.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and denies the same.

22.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and denies the same.

23.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and denies the same.

24.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and denies the same.

25.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and denies the same.

26.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and denies the same.

27.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and denies the same.

28.     Defendant is without information or knowledge sufficient to form a belief

as to the truth of the allegations contained in paragraph 28 and denies the same.

29.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and denies the same.

30.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and denies the same.

31.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and denies the same.

32.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and denies the same.

33.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and denies the same.

34.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and denies the same.

35.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and denies the same.

36.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and denies the same.

37.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and denies the same.

38.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and denies the same.

39.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and denies the same.

40.     Defendant is without information or knowledge sufficient to form a belief

4

as to the truth of the allegations contained in paragraph 40 and denies the same.

41.     Defendant denies the allegations in contained within paragraph 41 of Plaintiff's Complaint.

42.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and denies the same.

43.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and denies the same.

44.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and denies the same.

45.     Defendant denies the allegations contained within paragraph 45 of Plaintiff's Complaint.

46.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and denies the same.

47.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and deny the same.

48.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and denies the same.

49.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and denies the same.

50.     Defendant denies the allegations contained within paragraph 50 of Plaintiff's Complaint.

51.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and denies the same.

52.     Defendant is without information or knowledge sufficient to form a belief

as to the truth of the allegations contained in paragraph 52 and denies the same.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. Section 1983 – Individual Defendants)

53.    As it relates to paragraph 53, answering Defendant incorporates by reference all previous answers set forth herein.

54.    Defendant denies the allegations contained within paragraph 54 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. Section 1983 – City of Bedford Heights)

55.    As it relates to paragraph 55, answering Defendant incorporates by reference all previous answers set forth herein.

56.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and denies the same.

57.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and denies the same.

58.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and denies the same.

59.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and denies the same.

60.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and denies the same.

## THIRD CLAIM FOR RELIEF
### (Willful, Wanton, Reckless, and Negligent Conduct – Ohio Law)

61.    As it relates to paragraph 61, answering Defendant incorporates by reference all previous answers set forth herein.

62.    Defendant denies the allegations set forth in paragraph 62 of Plaintiff's

Complaint.

63.     Defendant denies the allegations set forth in paragraph 63 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
### (Negligence – Against Defendant Dr. Feltoon – Ohio Law)

64.     As it relates to paragraph 64, answering Defendant incorporates by reference all previous answers set forth herein.

65.     Defendant denies the allegations contained within paragraph 65 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### (Wrongful Death Action)

66.     As it relates to paragraph 66, answering Defendant incorporates by reference all previous answers set forth herein.

67.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and denies the same.

68.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and denies the same.

69.     Defendant denies the allegations contained within paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations contained within paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations contained within paragraph 71 of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
### (Survivorship Action)

72.     As it relates to paragraph 72, answering Defendant incorporates by

reference all previous answers set forth herein.

73.     Defendant denies the allegations contained within paragraph 73 of Plaintiff's Complaint.

74.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and denies the same.

## PRAYER FOR RELIEF

75.     Defendant denies all portions of paragraph 75, including but not limited to, specifically denying subsections A, B, C, D, and E.

76.     Each and every remaining allegation contained within Plaintiff's Complaint not specifically admitted herein to be true is denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitation.

2.     Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

3.     Plaintiff has failed to join all necessary and indispensable parties including those with subrogation interests for having paid medical bills, for just adjudication.

4.     Plaintiff has failed to obtain service and/or service of process.

5.     Plaintiff's and/or Plaintiff's decedent's injuries and damages, if any, which injuries and damages are specifically denied, were caused by persons, firms, corporations or entities over whom this answering Defendant had and could have had no control.

6.     Plaintiff's and/or Plaintiff's decedent's injuries and damages, if any, which injuries and damages are specifically denied, were caused or contributed to by Plaintiff's decedent's own contributory and/or comparative negligence.

8

7.      Plaintiff's decedent expressly and/or impliedly assumed the risk of injuries and damages, if any, which injuries and damages are specifically denied, by the manner and nature of her conduct.

8.      All or part of Plaintiff's claims fail to state a claim upon which relief can be granted, inasmuch as Plaintiff's Complaint fails to comply with Ohio Civil Rule 10(D), as to this individual Defendant.

9.      While denying this answering Defendant was negligent in any manner whatsoever, this answering Defendant may be entitled to statutory set-off of damages or limitations of damages.

10.     This Court lacks personal and subject matter jurisdiction.

11.     Jurisdiction and venue is improper in the state court.

12.     This answering Defendant raises, incorporates and preserves all claims, defenses, limitations and procedural requirements as set forth in Amended Substitute House Bill 412, Amended Substitute Senate Bill 281 and Amended Substitute Senate Bill 180 of the General Assembly of the State of Ohio as signed into law and effective by its terms.

13.     The damages sought by Plaintiff are attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

14.     Medicare may have an interest in this litigation by virtue of decedent's receipt of past or current benefits and/or entitlement to benefits in the future. Accordingly, Defendant asserts that, to the extent Medicare has such an interest, decedent must take all necessary and appropriate steps to notify Medicare and to protect such interest in the event of a recovery herein whether by settlement or verdict.

15.     As a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, this answering Defendant alleges that any

recovery by Plaintiff is barred by the doctrine of latches by reason of Plaintiff's unreasonable and prejudicial delay in filing and serving this action.

16. Plaintiffs lack legal standing for the purpose of asserting and maintaining any of their various claims and causes of action.

17. Plaintiffs lack legal capacity for the purpose of asserting and maintaining any of their various claims and causes of action.

18. The injuries and damages of which Plaintiff complains, if any and all of which are otherwise denied, were directly and proximately caused by the intervening and/or superseding acts of others, not the responsibility of this answering Defendant.

19. Plaintiff has a duty to mitigate damages and is not entitled to recover damage for any harm that could have been avoided by the use of reasonable effort or expenditure.

20. Plaintiff has failed to exhaust his administrative remedies.

21. Defendant is entitled to absolute and/or qualified immunity.

22. Defendant's acts, if any, were done in good faith at all times pertinent to Plaintiff's Complaint.

23. Plaintiff's Complaint fails to state the deprivation of a constitutional right.

24. The Prison Litigation Reform Act of 1995 limits Plaintiff's requested relief, to include, but not limited to any request for attorney fees.

25. This answering Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant Arnold Feltoon prays that the claims against him be dismissed and that he be permitted to go hence with his costs.

Respectfully submitted,


/s/ Paul-Michael LaFayette
_____
Paul-Michael La Fayette               (0067031)
Brant E. Poling                            (0063378)
POLING LAW
300 East Broad Street, Suite 350
Columbus, OH 43215
Phone:  (614) 737-2900
Facsimile:  (614) 737-2929
E-mail:  plafayette@poling-law.com
Attorney for Defendant Arnold Feltoon, M.D.


**JURY DEMAND**

Defendant Arnold Feltoon, M.D. hereby demands a trial of this action by a jury.


/s/ Paul-Michael LaFayette
_____
Paul-Michael La Fayette               (0067031)

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2014, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system which will send a notice of electronic filing to the following:

Terry H. Gilbert                                          Attorneys for Plaintiff
Friedman & Gilbert
55 Public Square, Suite 1055
Cleveland, OH  44113

James A. Climer                                         Attorneys for Defendants City of Bedford Heights,
John D. Pinzone                                          Officer Tim Honsaker, Officer Maurice Ellis, Officer
Kyle B. Melling                                           Phillip Chow, David Leonardi, Jeffrey Mudra and
100 Franklin's Row                                      Cheryl Sindone
34305 Solon Road
Cleveland, OH  44139


                                                    /s/ Paul-Michael La Fayette
                                                    Paul-Michael La Fayette            (0067031)

                                                    Attorney for Defendant Arnold Feltoon, M.D.

12