UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| ANITA ARRINGTON-BEY, | ) | CASE NO.:  1:14-CV-02514 |
| Administratrix of the Estate of OMAR K. | ) | |
| ARRINGTON-BEY, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Plaintiff, | ) | **ANSWER OF DEFENDANTS CITY OF** |
| | ) | **BEDFORD HEIGHTS, TIM HONSAKER,** |
| vs. | ) | **MAURICE ELLIS, PHILLIP CHOW,** |
| | ) | **DAVID LEONARDI, JEFFREY MUDRA,** |
| CITY OF BEDFORD HEIGHTS, et al., | ) | **AND CHERYL SINDONE** |
| | ) | |
| Defendants. | ) | *(Jury Demand Endorsed Hereon)* |

Now come Defendants City of Bedford Heights, Officer Tim Honsaker, Officer Maurice Ellis, Officer Phillip Chow, David Leonardi, Jeffrey Mudra and Cheryl Sindone, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to the Plaintiff's Complaint state as follows:

**First Defense**

1.      In reply to the allegations contained in Paragraph 1 of Plaintiff's Complaint, these Defendants admit that Omar Arrington-Bey died on June 21, 2013, but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 1.

2.      These Defendants deny or deny for want of information all allegations contained in Paragraphs 2, 3, 4, 5 and 6 of Plaintiff's Complaint.

3.      In reply to the allegations contained in Paragraph 7 of Plaintiff's Complaint, these Defendants admit that Plaintiff seeks damages but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 7.

4.      These Defendants deny or deny for want of information all allegations contained in Paragraph 8 of Plaintiff's Complaint.

5.      In reply to the allegations contained in Paragraph 9 of Plaintiff's Complaint, these Defendants admit that at all relevant times Tim Honsaker, Maurice Ellis, and Phillip Chow were City of Bedford Heights police officers, were to act in a lawful manner, and that they are being sued in their individual and official capacities, but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 9.

6.      In reply to the allegations contained in Paragraph 10 of Plaintiff's Complaint, these Defendants admit that at all relevant times David Leonardi was the City of Bedford Heights Assistant Police Chief and is being sued in his individual and official capacities, but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 10.

7.      In reply to the allegations contained in Paragraph 11 Plaintiff's Complaint, these Defendants admit that at all relevant times Jeffrey Mudra and Cheryl Sindone were City of Bedford Heights correctional officers, were to act in a lawful manner and further admit they are being sued in their individual and official capacities, but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 11.

8.      These Defendants deny or deny for want of information all allegations contained in Paragraph 12 of Plaintiff's Complaint.

9.      In reply to the allegations contained in Paragraph 13 of Plaintiff's Complaint, these Defendants admit that the City of Bedford Heights is a political subdivision and is an entity capable of being sued under 42 U.S.C. §1983, but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 13.

10.     In reply to the allegations contained in Paragraph 14 of Plaintiff's Complaint, these Defendants admit that at all relevant times Officer Tim Honsaker, Officer Maurice Ellis,

Officer Phillip Chow, David Leonardi, Jeffrey Mudra and Cheryl Sindone acted under their authority as police officers, but deny all liability and deny or deny for want of information all other allegations contained in said Paragraph 14.

11.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 15, 16, 17, 18, 19, and 20 of Plaintiff's Complaint.

12.     In reply to the allegations contained in Paragraph 21 of Plaintiff's Complaint, these Defendants admit that while in Lowe's, Omar Arrington-Bey damaged property and spilled paint on floors and a Lowes' employee contacted the Bedford Heights Police Department, but deny or deny for want of information all other allegations contained in said Paragraph 21.

13.     These Defendants deny or deny for want of information all allegations contained in Paragraph 22 of Plaintiff's Complaint.

14.     In reply to the allegations contained in Paragraph 23 of Plaintiff's Complaint, these Defendants admit that Officers Honsaker, Ellis and Chow responded to a dispatch call to a Lowe's store, but deny or deny for want of information all other allegations contained in said Paragraph 23.

15.     In reply to the allegations contained in Paragraph 24 of Plaintiff's Complaint, these Defendants admit that Officer Honsaker received multiple descriptions of clothing worn by Omar Arrington-Bey and was informed that he had left the Loews' parking lot in a blue or black Mercury, but deny or deny for want of information all other allegations contained in said Paragraph 24.

16.     In reply to the allegations contained in Paragraph 25 of Plaintiff's Complaint, these Defendants admit that Plaintiff Anita Arrington-Bey was driving the Mercury which was

stopped by officers on Miles Road, but deny or deny for want of information all other allegations contained in said Paragraph 25.

17. In reply to the allegations contained in Paragraph 26 of Plaintiff's Complaint, these Defendants admit that as Officer Ellis approached the passenger side of the Mercury he observed Omar Arrington-Bey rambling and talking, but deny or deny for want of information all other allegations contained in said Paragraph 26.

18. In reply to the allegations contained in Paragraph 27 of Plaintiff's Complaint, these Defendants admit that Omar Arrington-Bey was arrested for criminal damaging and disorderly conduct, but deny or deny for want of information all other allegations contained in said Paragraph 27.

19. In reply to the allegations contained in Paragraph 28 of Plaintiff's Complaint, these Defendants admit that Officer Ellis spoke with Plaintiff at the time of the arrest, but deny or deny for want of information all other allegations contained in said paragraph 28.

20. In reply to the allegations contained in Paragraph 29 of Plaintiff's Complaint, these Defendants admit that Officer Chow observed Omar Arrington-Bey ranting and raving, but deny or deny for want of information all other allegations contained in said Paragraph 29.

21. These Defendants deny all allegations contained in Paragraph 30 of Plaintiff's Complaint.

22. In reply to the allegations contained in Paragraph 31 of Plaintiff's Complaint, these Defendants admit that Officer Honsaker transported Omar Arrington-Bey to the jail, was present for his booking and processing, and observed Omar Arrington-Bey engaged in non-stop talking, incoherent rambling, and heard him state his father was the son-of the-devil, but deny or deny for want of information all other allegations contained in said Paragraph 31.

23.     In reply to the allegations contained in Paragraph 32 of Plaintiff's Complaint, these Defendants admit that Officer Honsaker's incident report states in part that Omar Arrington-Bey was "rambling and raving about every topic he could think of", that Omar Arrington-Bey stated "he takes medication for a psychiatric condition and has not taken his medication for several days" and that Plaintiff "confirmed that he does take medication for a psychiatric condition", but deny or deny for want of information all other allegations contained in said Paragraph 32.

24.     In reply to the allegations contained in Paragraph 33 of Plaintiff's Complaint, these Defendants admit that Omar Arrington-Bey was placed in a holding cell, but deny or deny for want of information all other allegations contained in said Paragraph 33.

25.     These Defendants deny or deny for want of information all allegations contained in Paragraph 34 of Plaintiff's Complaint.

26.     In reply to the allegations contained in Paragraph 35 of Plaintiff's Complaint, these Defendants admit that Assistant Police Chief David Leonardi assisted with bringing Omar Arrington-Bey to the restroom and when they reached the restroom Omar Arrington-Bey began to expose his genitals, but deny or deny for want of information all other allegations contained in said Paragraph 35.

27.     In reply to the allegations contained in Paragraph 36 of Plaintiff's Complaint, these Defendants admit that Corrections Officer Cheryl Sindone observed Omar Arrington-Bey "talking bizarre" and using his hands to eat food, but deny or deny for want of information all other allegations contained in said Paragraph 36.

28.     In reply to the allegations contained in Paragraph 37 of Plaintiff's Complaint, these Defendants admit that Officer Jeffrey Mudra observed Omar Arrington-Bey singing and

being loud while in his cell, but deny or deny for want of information all other allegations contained in said Paragraph 37.

29.     In reply to the allegations contained in Paragraph 38 of Plaintiff's Complaint, these Defendants admit that Sgt. Chow observed Omar Arrington-Bey ranting and raving, but deny or deny for want of information all other allegations contained in said Paragraph 38.

30.     In reply to the allegations contained in Paragraph 39 of Plaintiff's Complaint, these Defendants admit that Omar Arrington-Bey attacked corrections officers, but deny or deny for want of information all other allegations contained in said Paragraph 39.

31.     In reply to the allegations contained in Paragraph 40 of Plaintiff's Complaint, these Defendants admit that a Cuyahoga County Medical Examiner conducted an autopsy, but deny or deny for want of information all other allegations contained in said Paragraph 40.

32.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 41 and 42 of Plaintiff's Complaint.

33.     In reply to the allegations contained in Paragraph 43 of Plaintiff's Complaint, these Defendants admit that Section 4.1.7 of the Bedford Heights Police Department Policy speaks for itself and deny the allegations of said paragraph 43 to the extent they depart from said language and further deny or deny for want of information all other allegations contained in said Paragraph 43.

34.     In reply to the allegations contained in Paragraph 44 of Plaintiff's Complaint, these Defendants admit that Section 4.1.7 and Ohio Administrative Code Section 5120-8-09 speak for themselves and deny the allegations of said paragraph 44 to the extent they depart from said language and further deny or deny for want of information all other allegations contained in said Paragraph 44.

35.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 45, 46, 47, 48, 49, and 50 of Plaintiff's Complaint.

36.     In reply to the allegations contained in Paragraph 51 of Plaintiff's Complaint, these Defendants admit that the Bedford Heights Police Department Policy Manual includes sections relating to mental health and medical care for inmates which speak for themselves and deny the allegations of said paragraph to the extent they depart from said language and further deny or deny for want of information all other allegations contained in said Paragraph 51

37.     These Defendants deny or deny for want of information all allegations contained in Paragraph 52 of Plaintiff's Complaint.

38.     In response to the allegations contained in Paragraph 53 of Plaintiff's Complaint, these Defendants reaver and reallege all of their previous answers as though fully rewritten herein.

39.     These Defendants deny or deny for want of information all allegations contained in Paragraph 54 of Plaintiff's Complaint.

40.     In response to the allegations contained in Paragraph 55 of Plaintiff's Complaint, these Defendants reaver and reallege all of their previous answers as though fully rewritten herein.

41.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 56, 57, 58, 59, and 60 of Plaintiff's Complaint.

42.     In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, these Defendants reaver and reallege all of their previous answers as though fully rewritten herein.

43.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 62 and 63 of Plaintiff's Complaint.

44.     In response to the allegations contained in Paragraph 64 of Plaintiff's Complaint, these Defendants reaver and reallege all of their previous answers as though fully rewritten herein.

45.     These Defendants deny or deny for want of information all allegations contained in Paragraph 65 of Plaintiff's Complaint.

46.     In response to the allegations contained in Paragraph 66 of Plaintiff's Complaint, these Defendants reaver and reallege all of their previous answers as though fully rewritten herein.

47.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 67, 68, 69, 70, and 71 of Plaintiff's Complaint.

48.     In response to the allegations contained in Paragraph 72 of Plaintiff's Complaint, these Defendants reaver and reallege all of their previous answers as though fully rewritten herein.

49.     These Defendants deny or deny for want of information all allegations contained in Paragraphs 73, 74 and 75 of Plaintiff's Complaint.

## Second Defense

50.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in some or all respects.

## Third Defense

51.     Estoppel.

**Fourth Defense**

52.     Qualified good faith immunity.

**Fifth Defense**

53.     These Defendants are entitled to all immunities, defenses, damage limitations, damage set offs and other benefits provided by R.C. 2744 and/or Ohio common law by reason of their status as a political subdivision or employees of a political subdivision..

**Sixth Defense**

54.     The City of Bedford Heights and any Bedford Heights' employee(s) sued in their official capacity are immune from any award of punitive damages in this matter.

**Seventh Defense**

55.     If Plaintiff or Omar Arrington-Bey suffered any injuries or damages, which matters are specifically denied, then said injuries or damages were solely and proximately caused by the acts or omissions of Plaintiff, Omar Arrington-Bey, or persons or entities for whom these Defendants bear no legal responsibility.

**Eighth Defense**

56.     Primary assumption of risk.

**Ninth Defense**

57.     Contributory negligence/implied assumption of risk.

**Tenth Defense**

58.     Defendants did not owe or breach any duty.

**Eleventh Defense**

59.     All actions undertaken by these Defendants were motivated by legitimate law enforcement purposes.

**Twelfth Defense**

60.     Failure to join necessary or indispensable parties.

**Thirteenth Defense**

61.     Privilege.

**Fourteenth Defense**

62.     Probable Cause/Good Faith.

**WHEREFORE**, having fully answered, these Defendants pray that Plaintiff's Complaint

be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John D. Pinzone*
JAMES A. CLIMER (0001532)
JOHN D. PINZONE  (0075279)
KYLE B. MELLING (0091208)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email:  jclimer@mrrlaw.com
          jpinzone@mrrlaw.com
          kmelling@mrrlaw.com

Of Counsel:   ROSS S. CIRINCIONE (0024774)
Reddy, Grau & Meek Co., L.P.A.
Castleton Building
5306 Transportation Blvd.
Cleveland, OH  44125

*Counsel for Defendants City of Bedford Heights,
Officer Tim Honsaker, Officer Maurice Ellis,
Officer Phillip Chow, David Leonardi, Jeffrey
Mudra and Cheryl Sindone*

10

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

> s/John D. Pinzone
> JAMES A. CLIMER (0001532)
> JOHN D. PINZONE  (0075279)
> KYLE B. MELLING (0091208)
>
> *Counsel for Defendants City of Bedford Heights, Officer Tim Honsaker, Officer Maurice Ellis, Officer Phillip Chow, David Leonardi, Jeffrey Mudra and Cheryl Sindone*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2014, a copy of the foregoing Answer of Defendants City of Bedford Heights, Officer Tim Honsaker, Officer Maurice Ellis, Officer Phillip Chow, David Leonardi, Jeffrey Mudra and Cheryl Sindone was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> s/John D. Pinzone
> JAMES A. CLIMER (0001532)
> JOHN D. PINZONE  (0075279)
> KYLE B. MELLING (0091208)
>
> *Counsel for Defendants City of Bedford Heights, Officer Tim Honsaker, Officer Maurice Ellis, Officer Phillip Chow, David Leonardi, Jeffrey Mudra and Cheryl Sindone*

NORMA-130139/Answer City of Bedford Hts Defendants